**Shahvand ARYANA, an individual; Pacific West Coast Development, LLC, a California limited liability company, Plaintiffs–Appellants,**

v.

**Dennis L. ROOSSIEN, Jr., an individual; Munsch Hardt Kopf and Harr, P.C., a Texas professional corporation, Defendants–Appellees.**

No. 07–56562.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 2009.

Filed Feb. 19, 2009.

Randal Mathis, Esquire, Mathis and Donheiser, Dallas, TX, Kenneth P. White,

---

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

George Peter Schiavelli, Brown White & Newhouse, LLP, Los Angeles, CA, for Plaintiffs–Appellants.

Mark Donheiser, Esquire, Justin L. Jeter, Esquire, Mathis & Donheiser, P.C., Dallas, TX, Kevin M. Osterberg, Esquire, Bradford G. Hughes, Esquire, Haight Brown and Bonesteel, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, TROTT and FISHER, Circuit Judges.

## MEMORANDUM*

The litigation privilege of California Civil Code § 47(b) provides in relevant part: "A privileged publication or broadcast is one made: ... [i]n any ... judicial proceeding." Cal. Civ.Code § 47. The California Supreme Court has determined that the litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson,* 50 Cal.3d 205, 212, 266 Cal. Rptr. 638, 786 P.2d 365 (1990). This extends to "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Id.* The privilege is absolute and has been broadly applied, regardless of malice. *Jacob B. v. County of Shasta,* 40 Cal.4th 948, 955, 56 Cal.Rptr.3d 477, 154 P.3d 1003 (2007).

We are satisfied that each of the four elements is met in this case. First, the Appellants do not contest that Roossien's letter was a communication made in judicial or quasi-judicial proceedings. Second, as custodian of information relevant to the family litigation, Roossien was a potential witness or participant authorized by law. *Id.* at 956, 56 Cal.Rptr.3d 477.

Third, Roossien's letter was written to achieve the objects of the litigation because Roossien was asked for information for use in the family litigation, and supplied information for that purpose. *See Wise v. Thrifty Payless, Inc.,* 83 Cal. App.4th 1296, 1306–07, 100 Cal.Rptr.2d 437 (2000). More specifically, the first sentence of Roossien's letter, broadly construed, achieved the objects of the litigation by putting the Slaughters on notice that Aryana was accused of concealing assets in the securities lawsuit and might continue to do so in the child support litigation. Furthermore, the Appellants point to no case law supporting their contention that, if the first sentence in the letter was "gratuitous and completely nonresponsive," the letter as a whole could not further the objects of the litigation.

Fourth, Roossien's letter, including the first sentence, has some connection or logical relation to the action because the family litigation involves child support payments, and, thus, the child's father's finances—as well as his propensity to conceal assets—are related. *See Jacob B.,* 40 Cal.4th at 956, 56 Cal.Rptr.3d 477.

Finally, the Appellants contend there are triable issues of material fact as to whether Roossien's letter had a connection to the litigation and whether Roossien provided the letter to Kelly Slaughter to further the pursuit of the litigation. Howev-

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

er, on the record here these are questions of law, not fact. Therefore, we conclude that no triable issues of material fact are in dispute in this case.

**AFFIRMED.**